Filed 3/18/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| BRUCE BOYER,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>VENTURA COUNTY et al.,<br><br>    Respondents. | 2d Crim. No. B289919<br>(Super. Ct. No. 56-2018-00509733-CU-WM-VTA)<br>(Ventura County) |

To be elected county sheriff, a person must meet certain law-enforcement experience and education requirements set forth in Government Code, section 24004.3. Bruce Boyer has no law enforcement experience. He filed a petition for writ of mandate to compel respondents, Ventura County, Ventura County Board of Supervisors, and Ventura County Clerk Mark Lunn to put him on the June 5, 2018 Primary Election ballot for county sheriff. (Code Civ. Proc., § 1085.) The trial court ruled that Government Code section 24004.3 was constitutional and denied the petition. We affirm. As we shall explain, constitutional, statutory, and case-law compel affirmance. We are quick to observe a common sense reason why appellant cannot prevail. Experience is the best teacher. This is true whether you are a plumber, a teacher,

a doctor, or a lawyer. It also applies to being the elected sheriff of a county where there are several hundred deputy sheriffs and several hundred non-sworn personnel to supervise. It does not matter how intelligent you are or if you are acting in good faith. There is a good reason why the Legislature has imposed an experience requirement. To get a "feel" for law enforcement, i.e., coming to a true understanding of it, you must learn about it in the field by doing it. The people of California have been well served by personnel who have worked their way up the chain of command to leadership. Such personnel have years of practical experience.

Although the election has come and gone, resolution of this constitutional issue is appropriate because it is a matter of public interest and likely to recur in the future. (*Rawls v. Zamora* (2003) 107 Cal.App.4th 1110, 1113 (*Rawls*).)

*Procedural History*

On February 22, 2018, appellant filed a candidate application to be placed on the ballot for Ventura County Sheriff in the upcoming primary election. Four days later, Lunn advised appellant that he had not submitted documentation establishing appellant's qualifications to run for county sheriff, as required by California Elections Code section 13.5 and Government Code section 24004.3. Appellant responded that the statutes were unconstitutional and that Lunn's refusal to place appellant's name on the ballot denied citizens of their right to vote for elected officials of their own choosing.

On March 27, 2018, appellant filed a mandamus petition "commanding [Lunn] to name, designate, or authorize [appellant] to run as a candidate for the position of Ventura County Sheriff for the June 5, 2018 election." (Code Civ. Proc., § 1085.)

Appellant served the writ petition on April 4, 2018, four days after Lunn was required by federal and state law to submit the ballot materials to the printer. Appellant scheduled a hearing on the petition, five days after the printer deadline for ballot changes. Lunn declared that changing the ballots at that late a date would cost between $800,000 and $1 million, and require that 430,000 sample ballots and 1,105,735 ballot cards be reprinted. Denying the writ petition, the trial court ruled that Government Code section 24004.3 was constitutional and the writ petition was barred by the doctrine of laches.

On appeal, the standard of review on constitutional questions is independent judgment with deference to trial court's underlying factual findings, which are reviewed for substantial evidence. (*People ex rel. Bill Lockyer v. Fremont Life Ins. Co.* (2002) 104 Cal.App.4th 508, 514.) "[A] statute is presumed to be constitutional and . . . must be upheld unless its unconstitutionality 'clearly, positively and unmistakably appears.' [Citations.]" (*Hale v. Morgan* (1978) 22 Cal.3d 388, 404.)

*Elections Code section 13.5/Government Code section 240043*

As county clerk, Lunn, has a ministerial duty to follow Elections Code section 13.5 which provides that no person shall be considered a legally qualified candidate for sheriff unless he or she has filed a declaration of candidacy accompanied by documentation that the person meets the statutory qualifications to run as county sheriff as set forth in section 24004.3.[1] A

---

[1] Elections Code section 13.5 provides in pertinent part: "(a)(1) Notwithstanding subdivision (a) of Section 13, no person shall be considered a legally qualified candidate for any of the

3

offices set forth in subdivision (b) unless that person has filed a declaration of candidacy, nomination papers, or statement of write-in candidacy, accompanied by documentation, including, but not necessarily limited to, certificates, declarations under penalty of perjury, diplomas, or official correspondence, sufficient to establish, in the determination of the official with whom the declaration or statement is filed, that the person meets each qualification established for service in that office by the provision referenced in subdivision (b).  [¶]  [¶]

(b) This section shall be applicable to the following offices and qualifications therefor:  [¶]  [¶]  [¶]  (3) For the office of county sheriff, the qualifications set forth in Section 24004.3 of the Government Code."

Government Code section 24004.3 provides in pertinent part: "(a) No person is eligible to become a candidate for the office of sheriff in any county unless, at the time of the final filing date for election, he or she meets one of the following criteria:

(1) An active or inactive advanced certificate issued by the Commission on Peace Officer Standards and Training.

(2) One year of full–time, salaried law enforcement experience within the provisions of Section 830.1 or 830.2 of the Penal Code at least a portion of which shall have been accomplished within five years prior to the date of filing, and possesses a master's degree from an accredited college or university.

(3) Two years of full–time, salaried law enforcement experience within the provisions of Section 830.1 or 830.2 of the Penal Code at least a portion of which shall have been accomplished within five years prior to the date of filing, and possesses a bachelor's degree from an accredited college or university.

(4) Three years of full–time, salaried law enforcement experience within the provisions of Section 830.1 or 830.2 of the Penal Code at least a portion of which shall have been accomplished within five years prior to the date of filing, and

4

ministerial office may not add or subtract language to an unambiguous statute.  Section 24004.3 provides that a candidate for sheriff must possess one of five combinations of education and law-enforcement experience.   Lunn had no power to declare section 24004.3 unenforceable or refuse to enforce the statute "on the basis of it being unconstitutional unless an appellate court has made a determination that such statute is unconstitutional." (Cal. Const. art. III, § 3.5(a); see *Lockyer v. City and County of San Francisco* (2004) 33 Cal.4th 1055, 1086; *Billig v. Voges* (1990) 223 Cal.App.3d 962, 969 [applying Cal. Const., art. III, § 3.5 to an elections official].)  "The very existence of the statute means it is there to be enforced."  (*Ibid*.)

*Legislative Authority to Enact Statutory*
*Qualifications for County Sheriff*

Appellant argues that the position of county sheriff is a state office and the Legislature lacks the power to add candidate ballot qualifications for a state office.  The argument is based on *Wallace v. Superior Court of Placer County* (1956) 141 Cal.App.2d 771 (*Wallace*), disapproved on other grounds in *Knoll v. Davidson* (1974) 12 Cal.3d 335, 343.  There, section 69500 required that a candidate for the office of superior court judge be a resident of the

---

possesses an associate in arts or associate in science degree, or the equivalent, from an accredited college.

(5) Four years of full–time, salaried law enforcement experience within the provisions of Section 830.1 or 830.2 of the Penal Code at least a portion of which shall have been accomplished within five years prior to the date of filing, and possesses a high school diploma or the equivalent."

All statutory references are to the Government Code unless otherwise stated

5

county in which he or she is elected for two years preceding the judge's election. (*Id*. at p. 772.) The Court of Appeal concluded that "it was and is beyond the power of the Legislature to add this qualification in view of the fact that the Constitution has established the exclusive qualifications that can be required for the office of superior court judge." (*Id*. at p. 774.)

Relying on *Wallace,* appellant argues that the state Constitution does not require that county sheriff candidates have prior law enforcement experience. But California Constitution, article XI section 1(b) states: "*The Legislature shall provide for. . . an elected county sheriff*, an elected district attorney, an elected assessor, and an elected governing body in each county."[2] (Italics added.) It is an express power and includes the power to set candidacy requirements for the elected office of county sheriff. "California decisions long have made it clear that under our Constitution the Legislature enjoys plenary legislative power unless there is an explicit prohibition of legislative action in the Constitution itself. [Citation.]" (*Marine Forests Society v. California Coastal Com.* (2005) 36 Cal.4th 1, 39.) Stated another way, "'"we do not look to the Constitution to determine whether the legislature is authorized to do an act, but only to see if it is prohibited." [Citation.] . . . [R]estrictions and limitations

---

[2] Although this Legislative power dates back over 150 years, the Legislature did not require candidate qualifications for the office of county sheriff until 1988 when section 24004.3 was enacted. (Stats. 1988, c. 57, § 1.) California Constitution of 1849, article VI, section 11, (later superseded by Cal. Const. of 1879) states: "The Legislature shall provide for the election of a Clerk of the Supreme Court, County Clerks, District Attorneys, Sheriffs, and other necessary officers . . . ."

6

[imposed by the Constitution] are to be construed strictly, and are not to be extended to include matters not covered by the language used.'" [Citations.]" (*County of Riverside v. Superior Court* (2003) 30 Cal.4th 278, 284.)  Based on appellant's construction of the constitution, the Legislature has the power to "provide for . . . an elected county sheriff," (Cal. Const., art. XI, § 1(b)) but lacks the power to prescribe the qualifications for a ballot candidate.  "We hesitate to ascribe such shortsightedness to the framers of our Constitution." (*Fitts v. Superior Court of Los Angeles County* (1936) 6 Cal.2d 230, 234.)

Pursuant to California Constitution article XI, section 1(b), the Legislature enacted section 24009, subdivision (a) which provides that "the county officers to be elected by the people are the . . . sheriff . . . ."  It also enacted section 24004.3 which sets forth the qualifications for ballot candidates running for the office of county sheriff.   Unlike *Wallace*, which addressed the election of superior court judges, our state Constitution directs the state Legislature to provide for the election of the office of county sheriff.

Appellant argues that his constitutional claim is similar to *Jackson v. State* (Colo. 1998) 966 P.2d 1046.  There, a Colorado statute required that county sheriffs complete certain training requirements and obtain peace officer certification.  (*Id.* at pp. 1049-1051.)  Jackson was elected Morgan County Sheriff after the 1990 enactment of the Sheriff Training Statute.  When Jackson's term of office began in 1995, he lacked peace officer certification and was suspended by the Morgan County Commissioners.  (*Id.* at p. 1050.)  The Colorado Supreme Court held that the Sheriff Training Statute was unconstitutional because the state constitution did not authorize the legislature to

impose new and additional qualifications to serve as county sheriff. (*Id*. at p. 1051.) "When Sheriff Jackson was elected in 1994, the constitution only required that a county sheriff be a qualified elector and a resident of the county for the one-year period preceding his election. [Citation.] [¶] . . . [T]hese constitutional qualifications were exclusive, and the General Assembly had no authority to impose additional qualifications as a prerequisite to holding the office of county sheriff. [Citation.]" (*Ibid*.)

Unlike *Jackson*, our state Constitution empowers the Legislature to provide for the election of county sheriffs and to set minimum qualifications for sheriff candidates. (Cal. Const. art. XI, § 1(b).) And unlike *Jackson,* section 24004.3 is not being applied to forfeit a sheriff's elected position. Section 24004.3, subdivision (b) has a savings clause and provides: "All persons holding the office of sheriff on January 1, 1989 shall be deemed to have met all qualifications required for candidates seeking election or appointment to the office of sheriff." We reject the argument that section 24004.3 conflicts with or is preempted by the California Constitution.

*First Amendment*

Appellant argues that section 24004.3 violates the First Amendment in that it restricts the pool of sheriff candidates to law enforcement personnel and excludes civilian viewpoint from being heard. A similar claim was made in *Rawls, supra,* 107 Cal.App.4th 1110. There, a would-be write-in candidate (Rawls) for Santa Clara County Sheriff was an advocate of the Second Amendment right to bear arms and lacked section 24004.3 law enforcement experience. Rawls sought election as sheriff on a civilian platform that promised to limit denials of concealed

8

weapon permits. (*Id*. at p. 1114.) He claimed the current sheriff had a reputation for denying virtually all concealed weapon permit applications. (*Ibid*.) The Santa Clara County Registrar of Voters advised Rawls that write-in votes for Rawls would not be counted because his nomination papers did not satisfy the section 24004.3 candidate qualifications for county sheriff. (*Id*. at p. 1113.) Rawls sued on the theory that section 24004.3 violated the First Amendment right to free speech and the Fourteenth Amendment right to equal protection of the laws. (*Id*. at p. 1114.) Rejecting the claim, the Court of Appeal held that "section 24004.3 is evenhanded – it is applicable to all candidates. It is politically neutral – it simply requires candidates to have law enforcement experience." (*Id*. at pp. 1116-1117.)

Appellant argues that section 24004.3 violates his First Amendment Right to run for and hold an elected public office. (See, e.g., *Zeilenga v. Nelson* (1971) 4 Cal.3d 716, 719-721) [five-year residency requirement to run for elected position of county board of supervisors invalid].) "'Qualifications for office must have a rational basis, such as age, integrity, training or, perhaps, residence. . . . If a classification is employed in prescribing qualifications, it must be nondiscriminatory and "*based on a real and substantial difference* having reasonable relation" to the object sought to be accomplished by the legislation. . . .' (Italics ours.)" (*Id*. at p. 721.)

Appellant claims that candidacy for a public office is a fundamental right and requires a compelling overriding state when imposing candidacy qualifications to access a public ballot. But not all facets of the electoral process are subject to strict scrutiny review. Candidacy for public office is not a fundamental constitutional right to which a rigorous standard of review

9

applies. (*Clements v. Fashing* (1982) 457 U.S. 957, 963.) "Far from recognizing candidacy as a 'fundamental right,' we have held that the existence of barriers to a candidate's access to the ballot 'does not of itself compel close scrutiny.' [Citation.]" (*Ibid.*)

Strict scrutiny analysis was rejected in *Rawls, supra,* 107 Cal.App.4th 1110 wherein a would-be write-in candidate for sheriff lacked the qualifications to be on the ballot. The First Amendment claim was predicated on plaintiff's free speech rights and the rights of voters to cast their ballots effectively. (*Id.* at p. 1114.) Plaintiff claimed that section 24004.3 restricted the pool of sheriff candidates to law enforcement personnel and excluded the civilian viewpoint from being heard. (*Ibid.*) The Court of Appeal applied a balancing test to resolve the tension between a candidate's speech rights and the state's interest in preserving the fairness and integrity of the voting process. (*Id.* at pp. 1115-1116.) It concluded that section 24004.3 "does not significantly impair access to the ballot – there are five broad disqualifications, which embrace people of varying experience. The section does not stifle speech or dictate electoral outcome in any sense." (*Id.* at p. 1117.)

The *Rawls*' court viewed the constitutional claim as "a qualification case in the sense that the law at issue relates to eligibility to be elected rather than electoral procedure. [Citation.]" (*Rawls, supra,* 107 Cal.App.4th at p. 1115, fn 3.) The court made clear that its holding applied to challenges based on First Amendment rights asserted on behalf of potential voters and would-be candidates. (*Ibid.*) "There can be no doubt that the state has a strong interest in assuring that a person with aspirations to hold office is qualified to administer the

10

complexities of that office. [Citation.] And the authority of the state to determine the qualifications of their most important government officials is an authority that lies at the heart of representative government. [Citation.]" (*Id*. at p. 1117.)

We concur and adopt the same analysis here. There is no merit to the argument that Legislature exceeded its authority pursuant to the California Constitution in enacting section 24004.3 or that the statute violates the First Amendment rights of would-be candidates or the voters at large.

*Laches*

Appellant contends there was no unreasonable delay in filing the writ petition or prejudice to support the finding that the action was barred by the doctrine of laches. Lunn knew about the writ petition when it was filed on March 27, 2018, yet went forward with printing the ballots. Appellant asserts that printing and mailing corrected ballots at a cost of $800,000 to $1 million would not prejudice Lunn. But Lunn's declaration states the delay would result in "severe and adverse consequences, including voters having different materials before them . . . . Any changes made after April 16, 2018, would result in overseas voters not having the same sample ballot materials as local voters." Lunn further states: "For the June 5, 2018, primary election, the deadline required *in order to comply with state and federal law* was March 31, 2018, four days before I was served with the Petition in this matter." (Italics added.)

Appellant chose to sleep on his right to timely challenge section 24004.3 well after his candidate statement was rejected by Lunn. Over the next few weeks, appellant issued press releases and appeared at city council meetings and before the Ventura County Board of Supervisors, threatening to sue Lunn.

11

The trial court reasonably concluded that the appellant's delay in filing and prosecuting the writ petition prejudiced Lunn, other candidates running for public office (federal, state and local) on the primary ballot, and the voters at large. The law helps the vigilant, not those who sleep on their claimed rights. (Civ. Code, § 3527.)

*Disposition*

The judgment (order denying mandamus petition) is affirmed. Costs on appeal are awarded to respondents.

<u>CERTIFIED FOR PUBLICATION</u>.


YEGAN, J.


We concur:


GILBERT, P. J.


PERREN, J.

12

Vincent O'Neill, Judge

Superior Court County of Ventura

_____

Joel S. Farkas, for Plaintiff and Appellant.

Leroy Smith, County Counsel, Roberto R. Orellana,
Assistant County Counsel for Defendants and Respondents.